UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **DONALD W. DAVIS,** | ) | CASE NO. 5:12cv1002 |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | **JUDGE SARA LIOI** |
| vs. | ) | |
| | ) | |
| **JAMES C. NICE, et al.,** | ) | **MEMORANDUM OPINION &** |
| | ) | **ORDER** |
| DEFENDANTS. | ) | |
| | ) | |
| | ) | |

*Pro se* plaintiff Donald W. Davis ("plaintiff" or "Davis") filed this civil rights action under 42 U.S.C. § 1983 against City of Akron ("Akron") Police Chief James D. Nice ("Nice"), former Akron Police Chief Michael T. Matulavich ("Matulavich"),[1] Akron Police Sergeant Joyner ("Joyner"), Akron Police Officer Reichmanis ("Reichmanis"), and several "John Does." The complaint alleges these defendants violated Davis's Fourth and Fourteenth Amendment rights by illegally seizing his vehicle and failing to file a police report indicating that he had been robbed. Davis seeks injunctive and monetary relief.[2]

---

[1] Plaintiff identifies both defendant Nice and defendant Matulavich as the "Akron Chief of Police." (Doc. No. 1 at 1.) According to the City of Akron Police Department website, defendant Nice is the current Akron Chief of Police. *See* http://publicsafety.ci.akron.oh.us/police/. The Court takes judicial notice of this fact pursuant to Fed. R. Evid. 201. *See, United States ex rel. Dingle v. BioPort Corp.*, 270 F. Supp. 2d 968, 972 (W.D. Mich. 2003) ("Public records and government documents are generally considered 'not to be subject to reasonable dispute.' . . . This includes public records and government documents available from reliable sources on the Internet.") (internal quotation marks and citations omitted).

[2] Plaintiff has also filed a motion for appointment of counsel. (Doc. No. 3.) For the reasons that follow, that motion is **DENIED** as **MOOT**. Further, in his motion, plaintiff states, among other things, that he would like to proceed in this case only as against Reichmanis, "as I don't have knowledge to include others." (Doc. No. 3 at 16). The Court construes this to mean that plaintiff is no longer seeking to pursue claims against the "John Does" mentioned in his complaint. The Court will continue, however, to address plaintiff's claims against Nice, Matulavich and Joyner, as the complaint contains specific allegations against these defendants.

1

I.  BACKGROUND

The plaintiff alleges the following facts in his complaint. Plaintiff is currently a state prisoner, incarcerated at Marion Correctional Institution in Marion, Ohio. On December 12, 2010, Akron police officers arrested Davis while he was walking across a bridge. At the time of his arrest, Davis's jacket and pant legs were ripped, and "blood ran from both legs and [his] right index finger." (Doc. No. 1 at 1.) Davis told the officers that he had been robbed of $1,800 while "being held and attacked by dogs." (Doc. No. 1 at 1.) Davis asked the officers to file a robbery report, but he claims the officers refused to file a report because he had an outstanding warrant for escape from a treatment facility. At some point during or after Davis's arrest, Reichmanis then "went 12 blocks and ordered [Davis's] car to be towed." (Doc. No. 1 at 2.) Davis asserts the other officers "did nothing to stop these illegal acts" and, further, that Nice "authorized the tow." (Doc. No. 1 at 2.) Subsequent to these events, Joyner investigated Davis's concerns regarding the officers' handling of the situation and "cleared them of all wrong doing, the illegal tow and refusal to file a robbery complaint."(Doc. No. 1 at 2.)

Davis claims he attempted thereafter to retrieve his towed vehicle. First, he sent letters to the Akron Police Department on June 18, 2011 and July 7, 2011, asking to file an auto theft report. On July 15, 2011, the Akron Police Department responded, indicating that Davis's vehicle was not stolen but, rather, had been towed. On December 21, 2011, Davis allegedly filed a "motion for return of property" with the Summit County Court of Common Pleas. The complaint indicates he received no response from the court. Davis also filed a complaint with Nice, to which he received a response on January 12, 2012. Plaintiff has not attached any of the aforementioned correspondence of filings to his complaint.

On April 23, 2012, Davis filed the instant action, asserting violations of his Fourth and Fourteenth Amendment rights. He sues Nice and Matulavich in their official capacities "for their role in the illegal towing of his vehicle" and seeks $500,000 in damages from each. Plaintiff sues Joyner in his official capacity for "failing to correct the unlawful acts of the officers involved." (Doc. No. 1 at 2). He again seeks $500,000 in damages. Finally, plaintiff sues Reichmanis in both his individual and official capacities for the return of his property,[3] as well as $500,000 in damages. (Doc No. 1 at 2).

## II. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law of fact.[4] *Neitzke v. Williams*, 490 U.S. 319 (1989); *Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). A claim lacks an arguable basis in law or fact when it is premised on an indisputably meritless legal theory or when the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327.

---

[3] Specifically, plaintiff seeks the return of the following property: "1996 Cadillac Deville, purchased 2 weeks prior to theft by Reichmanis from Tempest Auto for $5,000.00; Dakes (large print) annotated study bible (just purchased) $124.00; three Marvin Sapp gospel C.D.'s $60.00; two Alicia Keys C.D. $40.00; one Mary J. Bligh C.D. $20.00; one Sony C.D. Walkman $30.00; one G.P.S. $110.00." (Doc. No. 1 at 2.)

[4] Pursuant to the Prison Litigation Reform Act ("PLRA"), an *in forma pauperis* claim may be dismissed *sua sponte*, without prior notice to the plaintiff and without service of process on the defendant, if the court explicitly states that it is invoking section 1915(e) [formerly 28 U.S.C. § 1915(d)] and is dismissing the claim for one of the reasons set forth in the statute. *McGore v. Wrigglesworth*, 114 F.3d 601, 608-09 (6th Cir. 1997); *Harris v. Johnson*, 784 F.2d 222, 224 (6th Cir. 1986); *Brooks v. Seiter*, 779 F.2d 1177, 1179 (6th Cir. 1985). In the instant case, plaintiff argues, "as this is not a challenge of prison situations or conditions, the PLRA should not applicable." (Doc. No. 1 at 3). The Court disagrees. Under the PLRA, district courts are required to screen all civil cases brought by prisoners proceeding *in forma pauperis*. *In Re Prison Litigation Reform Act*, 105 F.3d 1131, 1134 (6th Cir. 1997) (emphasis added). As plaintiff herein is a prisoner proceeding *in forma pauperis*, and the instant Complaint is a civil action, the Court finds the instant case is subject to screening under the PLRA.

A cause of action fails to state a claim upon which relief may be granted when it lacks "plausibility in the complaint." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 564 (2007). A pleading must contain a "short and plain statement of the claim showing that the pleader is entitled to relief."*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). The factual allegations in the pleading must be sufficient to raise the right to relief above the speculative level on the assumption that all the allegations in the Complaint are true. *Twombly*, 550 U.S. at 555. The plaintiff is not required to include detailed factual allegations, but must provide more than "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A pleading that offers legal conclusions or a simple recitation of the elements of a cause of action will not meet this pleading standard. *Id*. In reviewing a Complaint, the Court must construe the pleading in the light most favorable to the Plaintiff. *Bibbo v. Dean Witter Reynolds, Inc.*, 151 F.3d 559, 561 (6th Cir. 1998).

### III.   ANALYSIS

To set forth a cognizable claim under 42 U.S.C. § 1983, plaintiff must establish that (1) he was deprived of a right secured by the Constitution or laws of the United States, and (2) the deprivation was caused by a person acting under color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988); *Simescu v. Emmet Cnty. Dep't of Soc. Servs.*, 942 F.2d 372, 374 (6th Cir. 1991). If a plaintiff fails to make a showing on any essential element of a § 1983 claim, that claim must fail. *Simescu*, 942 F.2d at 375. The Court will consider each of plaintiff's federal claims within this legal context.

#### A.   Defendants Nice, Matulavich, and Joyner

As noted above, Davis sues defendants Nice, Matulavich, and Joyner in their official capacities. A claim for damages against a state or municipal officer in his official

capacity is the equivalent of an action against the public entity he represents. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Consequently, the Court will construe plaintiff's official capacity claims against these defendants as claims against the City of Akron.

As a rule, local governments may not be sued under 42 U.S.C. § 1983 for an injury inflicted solely by employees or agents under a *respondeat superior* theory of liability. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). Instead, the governmental entity can be held liable only when the plaintiff's injury is incurred as a direct result of the execution of the government's policy or custom, whether made by its lawmakers or by those whose orders may be said to represent official policy. *Id.* A municipality can therefore be held liable when it unconstitutionally implements or executes a policy statement, ordinance, regulation, or decision officially adopted by its officers. *Id.* at 690. *See also DiPiero v. City of Macedonia*, 180 F.3d 770, 786 (6th Cir. 1999).

Here, to hold the City of Akron liable for the actions of its employees, Davis must identify the offending policy, connect the policy to the City of Akron itself, and show that the particular injury was incurred because of the execution of that policy. *Graham v. Cnty. of Washtenaw*, 358 F.3d 377, 383 (6th Cir. 2004). The complaint in the instant case does not contain any factual allegations pertaining to the City of Akron or any of its policies. There is simply no suggestion on the face of the complaint of a City of Akron custom or policy that may have led to the violation of plaintiff's constitutional rights. Accordingly, the Court concludes plaintiff has failed to state any claims upon which relief may be granted against Nice, Matulavich and Joyner in their official capacities. Because the only claims asserted against these defendants are official capacity claims for monetary damages, and those claims cannot survive for the

reasons set forth above, the Court dismisses Nice, Matulavich and Joyner from this action pursuant to § 1915(e).[5]

### B. Defendant Reichmanis

Plaintiff sues defendant Reichmanis in both his individual and official capacities, claiming Reichmanis is liable for towing and impounding Davis's vehicle, and for failing to file a police report regarding Davis's assertion that he had been robbed.

As an initial matter, plaintiff's damages claims against Reichmanis in his official capacity as a City of Akron Police Officer are dismissed for the same reasons set forth above in Section III.A, *supra*. These claims are construed as arising against the City of Akron and fail because plaintiff has failed to set forth any allegations regarding a custom or policy of the City of Akron that may have led to the violation of plaintiff's constitutional rights. *See Will*, 491 U.S. at 71; *Monell*, 436 U.S. at 691; *Graham*, 358 F.3d at 383. Accordingly, plaintiff's official capacity claims against Reichmanis for monetary relief are dismissed pursuant to § 1915(e).

Consequently, the only remaining claims in this action are plaintiff's official capacity claims for injunctive relief and individual capacity claims against Reichmanis, which are separately discussed below.

---

[5] Even if plaintiff were to have sued defendants Nice, Matulavich and Joyner in their individual capacities, the Court would find these claims to be without merit and subject to summary dismissal. A plaintiff cannot establish the liability of any defendant absent a clear showing that the defendant was personally involved in the activities that form the basis of the alleged unconstitutional behavior. *Rizzo v. Goode*, 423 U.S. 362, 371 (1976). *See also Heyerman v. Cnty of Calhoun,* 680 F.3d 642 (6th Cir. 2012). In other words, individual liability "must be based on the actions of that defendant in the situation that the defendant faced, and not based on any problems caused by the errors of others, either defendants or non-defendants." *Gibson v. Matthews*, 926 F.2d 532, 535 (6th Cir. 1991). At a minimum, plaintiff in the instant case would have to show that defendants Nice, Matulavich, and Joyner were personally involved, encouraged, or condoned the unconstitutional behavior. *Rizzo*, 423 U.S. at 371. The Complaint does not contain allegations satisfying this standard. Accordingly, even if the Complaint asserted individual capacity claims against these defendants, these claims would be subject to summary dismissal pursuant to § 1915(e).

1.  *Failure to File Police Report*

Plaintiff alleges Reichmanis violated his Fourteenth Amendment rights to due process and equal protection by failing to file a police report regarding plaintiff's allegations that he had been robbed. (Doc. No. 1 at 2). The courts have held, however, that "there is no 'constitutional, statutory, or common law right that a private citizen has to require a public official to investigate or prosecute a crime.'" *White v. City of Toledo*, 217 F. Supp. 2d 838, 841 (N.D. Ohio 2002) (quoting *Doe v. Mayor & City Council of Pocomoke Cnty.*, 745 F. Supp. 1137, 1138 (D. Md. 1990)). *See also Gudenas v. Cervenik*, No. 1:09CV2169, 2010 WL 987699, at *9 (N.D. Ohio Feb. 22, 2010); *Woods v. Miamisburg City Schs.*, 254 F. Supp. 2d 868, 873-74 (S.D. Ohio 2003); *Thompson v. Dodge D350 1986 et al.*, No. 1:11–cv–479, 2011 WL 2413108, at *4 (W.D. Mich. June 14, 2011). Such "discretionary public duties . . . are enforced by public opinion, policy and the ballot," not litigation against individual officers and their civic employers. *White*, 217 F. Supp. 2d at 841. *See also Fulson v. City of Columbus*, 801 F. Supp. 1, 6 (S.D. Ohio 1992) ("A public official charged with the duty to investigate or prosecute a crime does not owe that duty to any one member of the public, and thus no one member of the public has a right to compel a public official to act"). Accordingly, the Court concludes plaintiff's claim that Reichmanis is liable for failing to investigate and file a police report, fails to state a claim upon which relief may be granted. This claim, therefore, is dismissed pursuant to § 1915(e).[6]

2.  *Towing and Impoundment of Plaintiff's Vehicle*

Plaintiff next alleges the towing and impoundment of his vehicle and personal property constitutes an "illegal seizure" under the Fourth Amendment. He also asserts

---

[6] Moreover, to the extent this claim alleges an equal protection violation, it fails for the additional reason that plaintiff has failed to allege any facts suggesting that Reichmanis's alleged failure to investigate was based on plaintiff's race or some other suspect classification, or that Reichmanis intentionally treated him differently than others who are similarly situated without any rational basis for the difference. *See Radvansky v. City of Olmstead Falls*, 395 F.3d 291, 312 (6th Cir. 2005); *Bass v. Robinson*, 167 F.3d 1041, 1050 (6th Cir. 1999).

Reichmanis violated his due process and equal protection rights under the Fourteenth Amendment by towing and impounding his vehicle without justification or cause to do so. The Court will address each of these claims, in turn, below.

    *a.    Fourth Amendment*

The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures . . . ." U.S. Const. Amend. IV. To state a claim under this Amendment, a plaintiff must allege that (1) the defendant's alleged actions constituted a search or seizure within the meaning of the Fourth Amendment; and (2) defendant's actions were unreasonable in light of the surrounding circumstances. *Collins v. Nagle*, 892 F.2d 489, 493-4 (6th Cir. 1989) (finding that, to determine whether seizure of plaintiff's vehicle was reasonable, court must determine "whether the . . . decision to impound was reasonable under the circumstances").

Assuming the towing and impoundment of plaintiff's vehicle constitutes a "seizure" within the meaning of the Fourth Amendment, the Court concludes plaintiff has failed to set forth sufficient factual allegations suggesting Reichmanis's decision to tow and impound his vehicle was unreasonable. Plaintiff's only allegations regarding this issue are that he was arrested while walking on a bridge and that Reichmanis "went 12 blocks and ordered my car to be towed." (Doc. No. 1 at 2). No other factual allegations are provided. While the Complaint cites several Ohio cases holding that a police officer's decision to impound a vehicle can constitute an illegal seizure under the Fourth Amendment under certain circumstances, plaintiff fails to cite any facts suggesting that the impoundment of *his* vehicle was unreasonable under the circumstances. Most notably, the complaint does not provide any factual allegations regarding where plaintiff's vehicle was located at the time it was towed or whether other alternatives to

8

impoundment might have been readily available. Rather, the complaint simply alleges that Reichmanis ordered plaintiff's vehicle to be towed and impounded after plaintiff was arrested on an outstanding warrant.

The Court finds these allegations to be insufficient to state a claim under the Fourth Amendment. The Sixth Circuit has upheld a police officer's exercise of discretion to impound vehicles in the absence of evidence that the officers acted "in bad faith or for the sole purpose of investigation." *See United States v. Harvey*, 16 F.3d 109, 112 (6th Cir. 1994) (holding that "the police lawfully exercised their discretion in deciding to impound the [defendant's] vehicle in the absence of any licensed driver to attend to it," where "neither [the defendant] nor the other passenger could produce a driver's license") (citing citing *Colorado v. Bertine*, 479 U.S. 367, 372 (1987)). *See also Reid Mach., Inc. v. Lanzer*, 421 F. App'x 497, 504 (6th Cir. 2010) (noting that "[t]he Fourth Amendment permits impoundment decisions . . . that are objectively justifiable . . . regardless of an officer's subjective intent"); *United States v. Kimes,* 246 F.3d 800, 805 (6th Cir. 2001) (finding that "[d]iscretion as to impoundment is permissible so long as that discretion is exercised according to standard criteria and on the basis of something other than suspicion of evidence of criminal activity") (internal quotation marks and citation omitted). Here, plaintiff has failed to set forth any factual allegations suggesting that Reichmanis's decision to impound his vehicle was in bad faith or otherwise unreasonable. Accordingly, the Court concludes plaintiff's Fourth Amendment claim fails to state a claim upon which relief may be granted and, therefore, is subject to summary dismissal pursuant to § 1915(e).[7]

---

[7] Moreover, plaintiff's request that the Court order the return of his vehicle is rejected. Plaintiff's request is outside the scope of the Fourth Amendment. *See Fox v. Van Oosterum*, 176 F.3d 342, 351 (6th Cir. 1999) ("[T]he Fourth Amendment protects an individual's interest in retaining possession of property, but not the interest in regaining

  b.  *Due Process*

  It is unclear from the complaint whether plaintiff intends to assert a claim for procedural due process, substantive due process, or both. Construing the *pro se* complaint liberally, the Court will address each of these potential claims.

  The Fourteenth Amendment provides, in relevant part: "nor shall any State deprive any person of life, liberty, or property, without due process of law." U.S. Const., Amend. XIV, § 1. Courts undertake a two-step analysis when considering claims for the violation of due process rights. *Mitchell v. Fankhauser*, 375 F.3d 477, 480 (6th Cir. 2004). The first step determines whether plaintiff has a liberty or property interest entitled to due process protection. *Id*. If plaintiff has such a protected interest, a court must then determine "what process is due." *Id*. To prevail on a procedural due process claim, plaintiff must plead and prove either (1) that he was deprived of property as a result of an established state procedure that itself violates due process rights; or (2) by proving that the defendant deprived him of property pursuant to a random and unauthorized act and that available state remedies would not be adequate to redress the deprivation of property. *Macene v. MJW, Inc.*, 951 F.2d 700, 706 (6th Cir. 1991). *See also Mitchell*, 375 F.3d at 484.

  There is nothing in the complaint that suggests plaintiff herein is challenging an established state procedure, statute, or local ordinance. Instead, it appears he is asserting that he was deprived of his property due to Reichmanis's alleged random and unauthorized acts. Thus, plaintiff must plead and prove that "available state remedies would not be adequate to redress the deprivation of property." *Macene*, 951 F.2d at 706. Here, the law is clear that plaintiff was not entitled to a pre-deprivation hearing, since "[i]mpoundments of automobiles do not require a

---

possession of property"); *Mathis v. Dep't of Public Safety, Impound Unit*, No. 2:12–cv–00363, 2012 WL 1987078, at *2 (S.D. Ohio June 4, 2012) (same).

predeprivation hearing because such process is not feasible." *Wagner v. Umpleby*, 149 F.3d 1185 (Table), 1998 WL 385914, at *2 (6th Cir. July 2, 1998). *See also Collins v. Muskegon Cnty. Sheriff's Dep't*, No. 1:05-CV-666, 2007 WL 426586, at *8 (W.D. Mich. Feb. 1, 2007). Rather, plaintiff must plead that he was not provided an adequate *post-deprivation* remedy to challenge the impoundment of his vehicle in order to state a procedural due process claim. *See Ross v. Duggan*, 402 F.3d 575, 583 (6th Cir. 2004) (noting that "pre-seizure hearings are not constitutionally mandated, as long as interested persons receive notice and a timely post-seizure opportunity to be heard").

Plaintiff herein has not set forth factual allegations suggesting Akron has failed to provide an adequate post-deprivation remedy to challenge the impoundment of his vehicle. Plaintiff alleges he sent letters to the Akron Police Department seeking to file an auto theft report, and was informed his vehicle had been towed. He also asserts he filed a "complaint" with Nice and received a response, but does not indicate the nature or content of that response. Further, plaintiff alleges he filed a "motion for return of property" with the Summit County Court of Common Pleas in December 2011. These allegations, however, fail to suggest that plaintiff lacks an adequate post-deprivation remedy. While the letters, complaints, and motion plaintiff filed may not have been successful, the Court notes that Akron Municipal Code § 70.51, Return of Towed Vehicles, provides a procedure and mechanism by which an individual may obtain the return of his or her towed vehicle.[8] Plaintiff does not allege that this remedy would be inadequate to address his concerns, or that he attempted this remedy and found it insufficient in some material respect. Absent such an allegation, the Court concludes plaintiff has not stated a procedural due process claim.

---

[8] The Sixth Circuit has held that municipal ordinances are a proper subject of judicial notice. *See United States v. Alexander*, 467 F. App'x 355, 360-61 (6th Cir. 2012) (collecting cases).

To the extent plaintiff intends to assert a substantive due process claim, it too is subject to dismissal pursuant to § 1915(e). There are two types of substantive due process claims. The first includes claims that involve official acts that are unreasonable, arbitrary, and cause a deprivation of a substantive right specified in the Constitution or a federal statute. *See Mertik v. Blalock,* 983 F.2d 1353, 1367 (6th Cir. 1993); *Parate v. Isibor*, 868 F.2d 821, 831 (6th Cir. 1989). The Court finds plaintiff has failed to set forth sufficient factual allegations in the complaint to satisfy this type of substantive due process claim.

The second type of substantive due process claim is directed at official acts that "so shock the conscience" that they are unconstitutional regardless of the procedural protections provided. *Parate*, 868 F.2d at 832. A citizen does not suffer a constitutional deprivation every time he is subjected to some form of harassment or unfavorable treatment by a state agent. *Id*. Rather, the conduct asserted must be "so severe, so disproportionate to the need presented, and such an abuse of authority as to transcend the bounds of ordinary tort law and establish a deprivation of constitutional rights." *Id*. The Court concludes there are no facts presented in the Complaint to suggest that Reichmanis's actions meet this extreme standard.

Accordingly, for all the foregoing reasons, plaintiff's due process claims are subject to summary dismissal pursuant to § 1915(e).

  c. *Equal Protection*

Finally, plaintiff asserts generally that his right to equal protection was violated by Reichmanis's decision to tow and impound his vehicle. Aside from stating that his equal protection rights were violated, however, plaintiff fails to set forth any further factual allegations regarding this claim.

The Equal Protection Clause of the Fourteenth Amendment provides that a state may not "deny to any person within its jurisdiction the equal protection of the laws." U.S. Const., Amend. XIV, § 1. The Equal Protection Clause prevents government from making distinctions that "(1) burden a fundamental right; (2) target a suspect class; or (3) intentionally treat one individual differently from others similarly situated without any rational basis." *Johnson v. Bredesen*, 624 F.3d 742, 746 (6th Cir. 2010). Here, plaintiff fails to allege that Reichmanis's actions burdened a fundamental right, nor does he claim he is a member of a suspect class or that Reichmanis has targeted a suspect class. Further, plaintiff does not plead sufficient facts to suggest that Reichmanis intentionally treated plaintiff differently from others with no rational basis for doing so.

As previously noted, under *Twombly* and *Iqbal, supra*, a plaintiff is not required to prove his claim in his Complaint, but he must plead more than an "unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1950. A complaint's factual allegations must "be enough to raise the right to relief above the speculative level." *Twombly*, 550 U.S. at 555. Although a plaintiff need not plead detailed facts, the complaint "must give the defendant fair notice of what the claim is, and the grounds upon which it rests." *Nader v. Blackwell*, 545 F.3d 459, 470 (6th Cir. 2008). Plaintiff herein has failed to do so with respect to his equal protection claim. Therefore, this claim is summarily dismissed pursuant to § 1915(e).

### III. CONCLUSION

For the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). Further, the Court **CERTIFIES**, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.[9]

**IT IS SO ORDERED**.

Dated: September 10, 2012

                                          **HONORABLE SARA LIOI**
                                          **UNITED STATES DISTRICT JUDGE**

---

[9] 28 U.S.C. § 1915(a)(3) provides, in pertinent part, that "[a]n appeal may not be taken in forma pauperis is the trial court certifies that it is not taken in good faith."